IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>SAMUEL DIAZ,<br><br>      Defendant. | Criminal Case No. 19-30014-MGM |

MEMORANDUM AND ORDER DENYING THE GOVERNMENT'S
MOTION FOR PRETRIAL DETENTION

Defendant Samuel Diaz is charged by indictment with one count of distribution and possession with intent to distribute a substance containing a detectable amount of cocaine. The offense was allegedly committed on March 24, 2015. The indictment was returned on March 7, 2019. The government has moved for pre-trial detention on the grounds that there are no conditions of pretrial release that would assure the defendant's appearance as required or the safety of the community. The government invokes the presumption that applies in drug cases where the potential sentence is ten years or more (Dkt. No. 9). 18 U.S.C. § 3142(e)(3)(A). The court held a hearing on the government's motion on April 30, 2019. With the defendant's assent, the government proceeded by proffer and the submission of several photographs rather than eliciting testimony in support of the motion for pretrial detention. The defendant did not call any witnesses. At the conclusion of the hearing, the court took the government's motion under advisement. Following the hearing, the court asked the government to provide information about the potential penalties faced by the defendant. The government responded that the potential

1

maximum sentence is 20 years. So far as appears from the government's response, the defendant does not face a minimum mandatory sentence (Dkt. No. 12).

The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the offense charged; the weight of the evidence as to guilt; the history and characteristics of the accused, including family ties, history relating to drug or alcohol abuse, criminal history, record concerning appearances at court proceedings, financial resources and employment; and the nature and seriousness of the danger to any person or the community that would be posed by a release. *See* 18 U.S.C. § 3142(g). "The burden of persuasion remains with the government to establish that no condition or combination of conditions will reasonably assure the appearance of the persons as required and the safety of any other person and the community." *United States v. Oliveira*, Criminal Action No. 16-10272-NMG, 2017 WL 690185, at *2 (D. Mass. Feb. 21, 2017).

As to the nature and circumstances of the offense at issue, the defendant is charged with a single count of distributing cocaine some four years ago with no specification of weight. Because the alleged sale was the subject of an audiovisual recording, the government's case is strong. The government alleges that, in a separate transaction on the same day, the defendant participated in the distribution of the firearm, but there is no firearm charge against the defendant in the indictment, the government has not explained why no firearm charge was brought, and a photograph of a gun submitted as evidence by the government does not depict any link to the defendant, who does not appear in the photograph. The information related to a firearm thus carries little weight.

Evidence about the history and characteristics of the defendant comes primarily from the pretrial services report. The defendant is 36 years old. He was born in Brooklyn, New York. As a child, he was raised in Boston and attended school there. At some unspecified time, he returned to live and work in New York. He has lived in Massachusetts for the last seven years. The defendant's parents are dead. Those of his siblings with whom he maintains contact (two) live in Massachusetts. At the time of his arrest, he was living in Springfield with a woman with whom he has been involved for four years and their child. She was present in the courtroom at his initial appearance and his name is on the lease for the apartment. The defendant does not have a passport and has never had one. He informed pretrial services that his only domestic travel has been to New York and Connecticut to see his children. Defense counsel reported that the defendant has a GED. At the time of the defendant's arrest, he was employed by Auto King as a sales associate and had been so employed for some five months. The defendant reported a history of substance abuse, including longstanding use of cocaine two to three times a month, to pretrial services.

The most significant aspect of the defendant's criminal history is two recent state district court convictions for possession with intent to distribute cocaine. The defendant was charged with a narcotics offense in November 2015. In 2016, he was convicted and sentenced to probation on a single charge of possession with intent to distribute cocaine. In May 2017, while he was on probation for the 2015 charge, he was again charged with a narcotics offense. He was convicted in 2017 on a single charge of possession with intent to distribute cocaine and sentenced to nine months in the house of correction, concurrent, for the violation of probation and the 2017 charge. Other than these two convictions, his criminal history over the last fifteen years consists of relatively low level convictions including motor vehicle violations and

disorderly conduct.  There are defaults in the defendant's criminal history, but no defaults in connection with his two most recent charges.

    1.   Risk of Nonappearance.

While the government relies primarily on danger to the community to justify pretrial detention, it also argues that the defendant poses a risk of nonappearance because he has ties to New York.  The government has further represented that the defendant faces a maximum statutory sentence of 20 years.  The defendant's ties to New York do not carry much weight because they appear fairly remote in time and his most important family and relationship ties appear at this time to be to individuals in Massachusetts.  *See United States v. O'Brien*, 895 F.2d 810, 816 (1st Cir. 1990) (affirming pretrial release, when, among other factors, there was no evidence that the defendant's ties outside of the jurisdiction remained close).  To meet his burden of production, the defendant has represented that his family and friends are willing to post a $5,000 cash bail to ensure his future appearances in court.  As to the possible motivation to flee engendered by the threat of incarceration, the government has not represented that the defendant faces any minimum mandatory sentence nor has the government provided a preliminary guidelines calculation.  While the statutory maximum determines whether the presumption of detention applies, it is not, in this case where there is no minimum mandatory sentence, of great persuasive value for purposes of presuming a risk of flight based on the prospect of a lengthy custodial sentence.  The government presented no evidence of associates who might assist the defendant in flight or undisclosed financial resources that might enable the defendant to flee the jurisdiction and support himself.  The pretrial services report, which is the only evidence of the defendant's finances, shows limited financial resources.  "'The less [the] features [of a defendant's case] resemble the congressional paradigm, the less weight the magistrate will likely

give to Congress's concern for flight.'" *United States v. Shea*, 749 F. Supp. 1162, 1166 (D. Mass. 1990) (quoting *United States v. Jessup*, 757 F.2d 378, 387 (1st Cir. 1985), *abrogated on other grounds by O'Brien*, 895 F.2d at 810). The defendant's history of involvement in small scale distribution does not resemble the so-called congressional paradigm of the distributor of large volumes of drugs who has undisclosed assets and contacts that might assist with flight. *Contrast, e.g., United States v. Samuels*, 436 F. Supp. 2d 280 (D. Mass. 2006) (evidence of 26 kilograms of cocaine in the car parked in the defendant's home garage, his participation in a conspiracy to distribute cocaine, and access to substantial amounts of cash warranted pretrial detention). The defendant's ties to Massachusetts are substantial and there is no evidence of associates or financial resources to support flight from the jurisdiction. *See O'Brien*, 895 F.2d at 816 (the defendant's indigence diminished risk of flight). The defendant has satisfied his burden of production by the evidence in the pretrial services report, his proffer of financial surety that is substantial in view of his financial circumstances, and his suggestion of electronic location monitoring. On balance, "based on the totality of the circumstances, the court does not find that the defendant constitutes a risk of flight or failure to appear." *Oliveira*, 2017 WL 690185, at *7.

    2.   Danger to the Community

Danger to the community is not limited to a risk of violence. The possibility that a defendant will continue to engage in drug trafficking may also constitutes a danger to the community warranting pretrial detention. *See Oliveira*, 2017 WL 690185, at *3. Here, a federal grand jury has found probable cause to believe that the defendant distributed cocaine in March 2015. He was convicted in the state district court for possession with intent to distribute cocaine in 2016 and again in 2017. He committed the conduct resulting in the 2017 state court conviction while on probation for the first of these two state court convictions. The government

argues that this conduct warrants pretrial detention in this case because the evidence shows a regular pattern of involvement with the possession and distribution of cocaine, endangering the community, as well as a continued use of illegal narcotics, further demonstrating a blatant disregard for court-ordered conditions of probation.

While the government's argument is far from frivolous, the court is not persuaded that the pattern of street-level distribution of narcotics with which the defendant is charged warrants pretrial detention.  As noted above, the charge the defendant faces in federal court is for a single instance of alleged distribution of cocaine that occurred some four years before the present indictment was returned.  There is no evidence that the defendant has been involved with importing significant amounts of controlled substances into the community, participating in a widespread conspiracy to distribute narcotics, or using violence or a firearm in connection with the distribution of narcotics.  He does not match the congressional paradigm of a major trafficker in narcotics "for which Congress has mandated a presumption against reasonably assuring safety without detention." *Shea*, 749 F. Supp. at 1171.

"[B]ecause of the interference of pre-trial detention with the 'importan[t] and fundamental … right' of liberty, *United States v. Salerno*, 481 U.S. 739, 750 … (1987), this Court will not make such a finding [of dangerousness] lightly." *United States v. Silva,* 133 F. Supp. 2d 104, 109 (D. Mass. 2001) (first alteration in original).  Notwithstanding the presumption, *see* 18 U.S.C. § 3142(e)(3)(A), based on the nature and timing of the criminal conduct alleged in the indictment, the defendant's production of evidence in the form of proposed conditions and the contents of the pretrial services report, and the limited evidence adduced by the government, the court concludes that the defendant has rebutted the presumption that there are no conditions of supervised release that will reasonably assure the safety of the

community if he is released pending trial.  The court will require the posting of a performance bond and electronic location monitoring, among other conditions.  If the defendant violates his conditions of pretrial release, he and his family and friends will forfeit $5,000 and he will be held pending trial.

     A form of conditions of release for Mr. Diaz is attached hereto as exhibit 1.  The United States Marshal is ordered to keep Mr. Diaz in custody until a surety bond is posted and all other conditions of release, including installation of location monitoring equipment, are satisfied.

Dated: May 6, 2019

                                       /s/ Katherine A. Robertson
                                       KATHERINE A. ROBERTSON
                                       United States Magistrate Judge